UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

JOHN W. WITTER
and other similarly situated individuals,

    Plaintiff (s),

v.

WASH PLUS, LLC,
and MICHAEL D. KELCH, individually,

    Defendants,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, JOHN W. WITTER and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants WASH PLUS, LLC, and MICHAEL D. KELCH, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff JOHN W. WITTER is a resident of Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant WASH PLUS, LLC (hereinafter, WASH PLUS, or Defendant) is a Florida corporation with its place of business in Pompano Beach, Broward County, within the

jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant MICHAEL D. KELCH was and is now the owner/partner and manager of Defendant Corporation WASH PLUS. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JOHN W. WITTER as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after January 2019, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant WASH PLUS is a seller of car wash systems. Defendant provides installation, maintenance, and repair services of these machines. Defendant also sells car wash chemicals and supplies for these machines. Defendant has facilities located at 22100 NW 22 Street, Pompano Beach, Florida 330069, where Plaintiff picked up his work orders, the company truck, equipment, and supplies to perform his work.

8. Defendants also operate from an office in Davenport and a storage locker near Orlando International Airport.

9. Defendants WASH PLUS and MICHAEL D. KELCH employed Plaintiff JOHN W. WITTER as a non-exempt, full-time, hourly employee from approximately April 2018 to July 31, 2021, or 171 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 132 weeks.

10. Plaintiff had duties as a car wash machine technician. Plaintiff installed, gave maintenance, and repaired car wash systems. Plaintiff was a salaried employee, and he had a salary of $850.00 per week.

11. During his employment with Defendants, Plaintiff worked regularly and consistently more than 40 hours weekly. However, Plaintiff was paid the same amount regardless of the number of days and hours worked. Thus, Plaintiff was not compensated for overtime hours.

12. Plaintiff had a regular schedule, and every month, he worked as follows:

13. 1.- Once per month, Plaintiff worked one week of five days per week, from Monday to Friday, from 8:00 AM to 6:00 PM (10 hours daily). Plaintiff worked a total of 50 hours every week. Plaintiff did not take bonafide lunch breaks.

14. 2.- Two weeks per month, Plaintiff worked the same schedule from Monday to Friday, plus he worked one more day on Saturdays, from 10:00 AM to 6:00 (8 hours). Plaintiff worked a total of 58 hours every week. Plaintiff did not take bonafide lunch breaks.

15. 3.- One week per month, Plaintiff worked seven days per week. Plaintiff worked on Saturdays from 11:00 AM to 2:00 PM (3 hours). Plaintiff worked a total of 61 hours weekly. Plaintiff did not take lunch breaks.

16. Consequently, during his 132 relevant weeks of employment with Defendants, Plaintiff worked 33 weeks with 50 working hours weekly, 66 weeks with 58 working hours, and 33 weeks with 61 hours weekly.

17. Plaintiff worked regularly more than 40 hours every week, but he was not paid for overtime hours.

18. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew that Plaintiff was working more than 40 hours weekly.

19. Defendants requested Plaintiff and other similarly situated individuals to report only billable hours. They did not allow Plaintiff and other similarly situated individuals to document the actual number of hours worked.

20. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

22. Plaintiff disagreed with the lack of payment for overtime hours, and he complained verbally to his supervisor and owner of the business, MICHAEL D. KELCH, many times. He was told that the company did not pay overtime hours.

23. On or about February 18, 2021, Plaintiff had an accident while driving the company truck. As a result, Defendants illegally held Plaintiff responsible for the cost of repairing the truck. Defendants deducted from Plaintiff's wages $250.00 weekly, for several weeks, for a total of $3,200.

24. On or about June 28, 2021, Plaintiff complained to MICHAEL D. KELCH. Plaintiff was unhappy about the unfair deductions and the lack of payment for overtime hours. Plaintiff

requested to be paid for overtime hours, and he also demanded the reimbursement of $3,200.00 deducted for the truck repair. MICHAEL D. KELCH denied both petitions.

25. On or about July 31, 2021, Plaintiff was forced to leave his employment because, after his last complaint, Plaintiff's working conditions deteriorated even further. For many weeks Defendants' deduction of $250.00 weekly reduced Plaintiff's wage rate near the minimum wage rate. Plaintiff was mistreated, he was working up to seven days per week with 61 hours, without payment for overtime hours, and on top of that, he was suffering a hostile working environment

26. Consequently, on or about July 31, 2021, Plaintiff JOHN W. WITTER was constructively discharged from his employment with Defendants in retaliation to his complaints about missing overtime payment and illegal deductions.

27. Plaintiff JOHN W. WITTER seeks to recover unpaid overtime wages for every hour above 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law. In addition, Plaintiff is claiming also the reimbursement of $3,200.00 unlawfully deducted from his wages.

28. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

29. Plaintiff JOHN W. WITTER re-adopts every factual allegation stated in paragraphs 1-28 above as if set out in full herein.

30. This action is brought by Plaintiff JOHN W. WITTER and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

31. The employer WASH PLUS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a distributor of car wash equipment and supplies and is also a seller of car wash chemicals. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

32. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

33. Defendants WASH PLUS and MICHAEL D. KELCH employed Plaintiff JOHN W. WITTER as a non-exempted, full-time, hourly employee from approximately April 2018 to July 31, 2021, or 171 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 132 weeks.

34. Plaintiff had duties as a car wash machine technician. Plaintiff installed, gave maintenance, and repaired car wash systems. Plaintiff was a salaried employee, and he had a salary of $850.00 per week.

35. During his employment with Defendants, Plaintiff worked regularly and consistently more than 40 hours weekly. However, Plaintiff was paid weekly the same amount regardless of the number of days and hours worked.

36. Plaintiff had a regular schedule, and every month, he worked weeks of 5, 6, and 7 days per week, as follows:

37. 1.- Once per month, Plaintiff worked one week of five days per week, from Monday to Friday, from 8:00 AM to 6:00 PM (10 hours daily). Plaintiff worked a total of 50 hours every week. Plaintiff did not take bonafide lunch breaks.

38. 2.- Two weeks per month, Plaintiff worked the same schedule from Monday to Friday, plus he worked one more day on Saturdays, from 10:00 AM to 6:00 (8 hours). Plaintiff worked a total of 58 hours every week. Plaintiff did not take bonafide lunch breaks.

39. 3.- One week per month, Plaintiff worked seven days per week. Plaintiff worked on Saturdays from 11:00 AM to 2:00 PM (3 hours). Plaintiff worked a total of 61 hours weekly. Plaintiff did not take lunch breaks.

40. Thus, during his 132 relevant weeks of employment with Defendants, Plaintiff worked 33 weeks with 50 working hours weekly, 66 weeks with 58 working hours, and 33 weeks with 61 hours weekly.

41. Consequently, Plaintiff worked regularly more than 40 hours, but he was not paid for overtime hours.

42. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in control of Plaintiff's schedule, and they knew that Plaintiff was working more than 40 hours weekly.

43. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

44. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

45. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

47. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. After proper discovery, calculations will be adjusted.

   a. <u>Total amount of alleged unpaid wages</u>:

   Sixteen Thousand Three Hundred Forty-Three Dollars and 25/100 ($16,343.25)

   b. <u>Calculation of such wages</u>:

Total time of employment: 171 weeks
Total relevant weeks of employment: 132 weeks
Salary: $850.00 weekly

1.- <u>Unpaid O/T covering 33 weeks with 5 days/50 working hours</u>

Relevant weeks: 33 weeks
Total hours worked: 50 hours weekly
Total unpaid O/T hours: 10 O/T hours
Salary: $850.00 weekly: 50 hours = $17.00 an hour
Regular rate: $17.00 x 1.5=$25.50 O/T rate
O/T rate: $25.50-$17.00 rate paid= $8.50 half-time difference

Half-Time $8.50 x 10 O/T hours=$85.00 weekly x 33 weeks=$2,805.00

2.- <u>Unpaid O/T covering 66 weeks with 6 days/58 working hours</u>

Relevant weeks: 66 weeks
Total hours worked: 58 hours weekly
Total unpaid O/T hours: 18 O/T hours
Salary: $850.00 weekly: 58 hours = $14.66 an hour
Regular rate: $14.66 x 1.5=$21.99 O/T rate
O/T rate: $21.99-$14.66 rate paid= $7.33 half-time difference

Half-Time $7.33 x 18 O/T hours=$131.94 weekly x 66 weeks=$8,708.04

    3.- <u>Unpaid O/T covering 33 weeks with 7 days/61 working hours</u>

    Relevant weeks: 33 weeks
    Total hours worked: 61 hours weekly
    Total unpaid O/T hours: 21 O/T hours
    Salary: $850.00 weekly: 61 hours = $13.94 an hour
    Regular rate: $13.94 x 1.5=$20.91 O/T rate
    O/T rate: $20.91-$13.94 rate paid= $6.97 half-time difference

    Half-Time $6.97 x 21 O/T hours=$146.37 weekly x 33 weeks=$4,830.21

    Total #1, #2, and #3: $16,343.25

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid half-time overtime hours.

48. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

49. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

50. At times mentioned, individual Defendant MICHAEL D. KELCH was and is now the owner/partner and manager of WASH PLUS. Defendants MICHAEL D. KELCH was the

Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in WASH PLUS' interests concerning its employees, including Plaintiff and others similarly situated. Defendant MICHAEL D. KELCH had financial and operational control of the business, provided Plaintiff with his work schedule, and he is jointly and severally liable for Plaintiff's damages.

51. DefendantsWASH PLUS and MICHAEL D. KELCH willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

52. Plaintiff JOHN W. WITTER has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOHN W. WITTER and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JOHN W. WITTER and other similarly situated individuals and against the Defendants WASH PLUS and MICHAEL D. KELCH, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JOHN W. WITTER actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff JOHN W. WITTER demands trial by jury of all issues triable as of right by jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS**

53. Plaintiff JOHN W. WITTER re-adopts every factual allegation stated in paragraphs 1-28 of this Complaint as if set out in full herein.

54. The employer WASH PLUS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a distributor of car wash equipment and supplies and is also a seller of car wash chemicals. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

55. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and

materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

56. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

57. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

58. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

59. Defendants WASH PLUS and MICHAEL D. KELCH employed Plaintiff JOHN W. WITTER as a non-exempted, full-time, hourly employee, from approximately April 2018 to July 31, 2021, or 171 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 132 weeks.

60. Plaintiff had duties as a car wash machine technician. Plaintiff installed, gave maintenance, and repaired car wash systems. Plaintiff was a salaried employee, and he had a salary of $850.00 per week.

61. Plaintiff had a regular schedule, and every month, he worked weeks of 5, 6, and 7 days per week, as follows:

62. Thus, during his 132 relevant weeks of employment with Defendants, Plaintiff worked 33 weeks with 50 working hours weekly, 66 weeks with 58 working hours, and 33 weeks with 61 hours weekly.

63. While employed by Defendants, Plaintiff regularly worked more than 40 hours, but he was not paid for overtime hours.

64. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in control of Plaintiff's schedule, and they knew that Plaintiff was working more than 40 hours weekly.

65. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

66. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

67. Plaintiff was not in agreement with the lack of payment for overtime hours, and he complained to his supervisor and owner of the business, MICHAEL D. KELCH, several times.

68. On or about February 18, 2021, Plaintiff had an accident while driving the company truck. As a result, Defendants illegally held Plaintiff responsible for the cost of repairing the truck and deducted from Plaintiff's wages $250.00 weekly, for a total of $3,200.

69. Plaintiff protested and complained about the illegal deductions.

70. On or about June 28, 2021, Plaintiff complained to MICHAEL D. KELCH. Plaintiff was unhappy with the unfair deductions and the lack of payment for overtime hours. Plaintiff requested to be paid for overtime hours, and he also demanded the reimbursement of $3,200.00 deducted for the truck repair. MICHAEL D. KELCH denied both petitions.

71. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

72. After his last complaint, Plaintiff's working conditions deteriorated even further. For many weeks Defendants' deduction of $250.00 weekly reduced Plaintiff's wage rate near the minimum wage rate.

73. On or about July 31, 2021, Plaintiff was forced to leave his employment because he was being mistreated, he was working up to seven days per week with 61 hours without payment for overtime hours, and on top of that, he was suffering a hostile working environment.

74. Consequently, on or about July 31, 2021, Plaintiff JOHN W. WITTER was constructively discharged from his employment with Defendants in retaliation to his complaints about missing overtime payment and illegal deductions. Defendants deliberately created unfair working conditions and harassed Plaintiff in such a way that any reasonable person could not accept, and he was forced to resign.

75. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiff constructively.

76. There is close proximity between Plaintiff's protected activity and his constructive discharge.

77. At times mentioned, individual Defendant MICHAEL D. KELCH was and is now the owner/partner and manager of WASH PLUS. Defendants MICHAEL D. KELCH was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in WASH PLUS' interests concerning its employees, including Plaintiff and others similarly situated. Defendant MICHAEL D. KELCH had financial and operational control

of the business, provided Plaintiff with his work schedule, and he is jointly and severally liable for Plaintiff's damages.

78. The motivating factor which caused Plaintiff's constructive discharge as described above was his complaints about illegal deductions and unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages and illegal deductions.

79. Defendants' constructive discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

80. Plaintiff JOHN W. WITTER has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOHN W. WITTER respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants WASH PLUS and MICHAEL D. KELCH that Plaintiff JOHN W. WITTER recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants WASH PLUS and MICHAEL D. KELCH to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JOHN W. WITTER further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff JOHN W. WITTER demands trial by a jury of all issues triable as of right by a jury.

DATED: March 7, 2022

                                      Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*