UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60501-RUIZ/STRAUSS

**JOHN W. WITTER**,

    Plaintiff,

v.

**WASH PLUS, LLC**, *et al.*,

    Defendants.

_____/

## ORDER SETTING ZOOM SETTLEMENT CONFERENCE

THIS CAUSE has been referred to the undersigned for a settlement conference (DE 7). The parties having conferred and presented dates of availability, it is hereby **ORDERED AND ADJUDGED** that a **SETTLEMENT CONFERENCE** in this matter will be held before the undersigned commencing at **9:30 a.m.** on **June 2, 2022**.

The parties shall adhere to the following additional instructions:

1.  **By May 19, 2022**, counsel shall confer by telephone or video conference to discuss the facts of the case, ensure that all parties have produced all documents required under the Notice of Court Practice for actions brought under the Fair Labor Standards Act (DE 7 at ¶¶1-2), and **discuss settlement**. **By May 26, 2022**, the parties shall file a Joint Notice of Compliance certifying that the foregoing conferral occurred as ordered. Therein: (a) Counsel shall certify that the parties have exchanged all documents required under the Notice of Court Practice (DE 7 at ¶¶1-2); (b) each Counsel shall certify that they have reviewed all such documentation with their clients; and (c) each Counsel shall certify that they have conducted a reasonable inquiry regarding the claims, numbers, and facts set forth in the Statement of Claim and response thereto, and that they continue to believe in good faith that their respective filings satisfy all requirements of the Federal Rules of Civil Procedure (including Rule 11), the Local Rules, and any applicable orders. If necessary, the

parties shall promptly amend their statement of claim/response at least **1 week** before the settlement conference.

2. On or before **May 26, 2022,** the parties shall each submit (via email to strauss@flsd.uscourts.gov) a Confidential Settlement Statement of no more than seven (7) pages, double-spaced, setting forth the following information: (a) background regarding the parties and the relationship between the parties, including the potential for a continued relationship post-litigation (if an employee/employer relationship existed, the background shall include, without limitation, the role and duties of the employee, the length of the relationship, and whether the employee is still employed, or could be rehired by, the employer); (b) a candid evaluation of the strengths and weaknesses of the party's case (including consideration of the documents exchanged pursuant to the Notice of Court Practice (DE 7)); (c) a candid evaluation of the party's "best day" and "worst day" in court (including estimates of what the party may owe, through trial, for its own attorney's fees and the opposing party's attorney's fees, if applicable); (d) the party's position on settlement; (e) the results of any previous settlement negotiations (including the last demand/offer made); (f) whether there may be any difficulty in collecting to satisfy any judgment; (g) any other information that may be helpful in working towards a fair settlement; and (h) the names of all individuals who will be attending the settlement conference.  In a case involving a fee-shifting statute or contractual fee provision, any part seeking fees must include a statement of the amount of fees sought, including the hourly rate and number of hours expended to the date of submission. The failure to include a statement of attorney's fees may result in the undersigned's sua sponte recommendation that sanctions be entered against the party and/or the attorney.

3. The Settlement Conference shall be attended by all parties, corporate representatives and their counsel of record.  Each side shall have a party representative present

with full authority to negotiate and finalize any settlement agreement reached.  Failure of a party representative with full and final authority to make and accept offers of settlement to attend this Settlement Conference may result in the undersigned's *sua sponte* recommendation that sanctions be entered against the offending party.

4. In the event that a monetary settlement would be payable from proceeds of an insurance policy, a claims professional/representative(s) from the party's insurer with full and final authority to authorize payment to settle the matter up to the full limits of the party's policy(s) or the most recent demand, whichever is lower, shall also be present.

5. In some, but not all, cases, the Court may give each party approximately five (5) minutes to make an opening statement at the beginning of a Settlement Conference.  Because the Court will not be making any rulings at the Settlement Conference, the Court encourages each party to view this opening statement as an opportunity to communicate relevant information or positions to the opposing party, rather than as a means of convincing the Court of the legal or factual correctness of its positions.

6. The Settlement Conference will not be continued absent a written motion and a showing of compelling circumstances.

7. In the event this matter settles prior to the scheduled Settlement Conference, the parties shall immediately advise the undersigned's chambers. Written confirmation of a settlement that is signed by all parties shall also be sent to chambers at strauss@flsd.uscourts.gov.

8. The Settlement Conference shall be conducted without a court reporter and will not be recorded.  All representations and statements made at the Settlement Conference shall remain confidential.

9. The parties are notified that the Court does not provide interpreter services in civil cases. In the event that a party or corporate representative does not speak fluent English, that party must arrange for the attendance of an interpreter.

10. Participant information for the Zoom/telephone settlement conference is as follows:

Topic: *Witter v. Wash Plus, LLC, et al.* (22cv60501) Settlement Conference
Time: Jun 2, 2022 09:30 AM Eastern Time (US and Canada)

Join ZoomGov Meeting
https://www.zoomgov.com/j/1607959368?pwd=M1kvWE1hZ3A0VlMyM3lLeWRjTWhDdz09

Meeting ID: 160 795 9368
Passcode: 3434

11. Counsel shall share the ZoomGov Meeting information as appropriate with participants for their side.

12. Participants should join the ZOOM Meeting by no later than **9:25 a.m.** on the date of the settlement conference to test their system.

13. Participants may click, or paste into their browser, the link above to join at the appropriate time. Alternatively, participants may join the settlement conference without using the link by going to https://zoom.us/join on any browser or to the ZOOM app on a tablet or smartphone and entering the Meeting ID and, when prompted, the Passcode. If participants have not already downloaded the Zoom app and their device requires it, they may be instructed to download it at this time. Participants should ensure that they have downloaded the necessary app prior to the date of the settlement conference.

14. Participants will have an opportunity to test their audio by clicking on "Test Computer Audio." Once satisfied that their audio works, participants should click on "join audio by computer."

15. The Host will place participants in the "waiting room" until the settlement conference begins.

16. Participants should mute themselves when not speaking.

17. Additional information and instructional videos are available at the ZOOM Help Center: https://support.Zoom.us/hc/en-us.  Also, system testing in advance of the settlement conference is available at: https://zoom.us/test.

18. Sanctions may be imposed for failure to follow any of the requirements of this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of May 2022.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies to counsel of record via CM/ECF